UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:25-cv-04025-MMM |
| ) | |
| JASON SMITH, *et al.* ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Shawnee Correctional Center of the Illinois Department of Corrections, seeks to assert claims related to criminal investigations and charges that occurred in Scott County, Iowa, and Rock Island County, Illinois. The Court stayed the case because certain claims, if proven, would undermine certain of Plaintiff's then-pending criminal charges. Plaintiff now reports that all criminal charges have been finally and conclusively resolved. The stay is lifted, and this order follows.

A. Merit Review

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1. Facts

Plaintiff names as Defendants Moline Police Detective Jason Smith, Plaintiff's former defense attorney Matthew Durbin, Illinois Circuit Judge Frank Fuhr, Assistant State's Attorney M. Jessie Brockway, Moline Police Department Officers, Rock Island Police Department Officers, and Davenport Police Department Officers.

Plaintiff's allegations span from 2016 through 2024.

A public records search indicates Plaintiff pled guilty to two felony possession with intent to deliver charges in Rock Island County Case 2016CF951. He was sentenced to six years in prison, with credit for some time served, on November 16, 2017. His sentence for those crimes has been discharged after spending time in IDOC custody. There is no indication his guilty plea was vacated or the charges were in any way invalidated.

Plaintiff was again charged with criminal felonies in Rock Island County in 2020, in case no. 2020CF1030. Plaintiff pled guilty, initially, on August 19, 2021, to Count I. He was released on furlough and a five-year prison sentence was stayed pending compliance with conditions. On January 7, 2022, Plaintiff appeared and upon entry of a negotiated plea, Count I was amended to an attempt crime, and Plaintiff was sentenced

to eighteen months' probation. A petition to revoke was filed and ultimately proven up by the State. Plaintiff was sentenced to a new twenty-four-month term of probation on December 19, 2023. A new petition to revoke was filed in September 2024 and remained pending until March 13, 2025, when Plaintiff admitted the probation violation and was sentenced to five years in IDOC custody at 50%.

During the last half of 2024, Plaintiff was charged with new felony charges in Rock Island Cases 2024CF618, 2024CF639, and 2024CF1042. All these charges were ultimately dismissed on March 13, 2025, as part of the negotiated agreement to admit to the probation violation filed in 2020CF1030 and the resulting prison term in that case.

Plaintiff alleges he was told he would serve less time in prison than he is in fact serving. He alleges a variety of issues related to his arrest in August 2016, by Detective Jason Smith, and more issues related to the subsequent prosecution and sentence in 2016CF951.

Plaintiff next alleges a variety of issues related to his arrest by Rock Island County Police Department officers on or around December 15, 2020, which is the date charges were initiated in 2020CF1030.

Plaintiff next alleges a variety of issues from an April 2023 encounter with Davenport Police Department officers related to burglary allegations. Plaintiff alleges he was found guilty by the Scott County, Iowa, Courts, on charges related to that incident.

Plaintiff alleges additional facts against Moline Police Department officers apparently related to the 2024 felony charges.

2. Analysis

<u>Stay of Sentence or Release from Custody</u>

Plaintiff cannot obtain release from custody, or a stay of his sentence, in this § 1983 lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006) ("[A]ny challenge to the fact or duration of custody must proceed under § 2254 or an equivalent statute. … Only after the custody is over may the prisoner use § 1983 to seek damages against persons who may have been responsible; indeed, the § 1983 claim does not accrue until the custody ends."); *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) ("[A]ny section 1983 action challenging the fact or length of confinement does not accrue until the underlying confinement has been invalidated through a direct appeal, post-conviction relief, or some other means.").

Any claim for release from custody is dismissed from this case. Such requests can only be brought in federal court in a habeas corpus proceeding.

<u>Judge, Prosecutor, and Defense Counsel</u>

Plaintiff names as Defendants Illinois Circuit Judge Fuhr, Rock Island Assistant State's Attorney Brockway, and Plaintiff's then-criminal defense lawyer Matthew Durbin. Plaintiff's claims against the presiding judge and the prosecuting attorney squarely relate to their actions in the courtroom processing the many criminal felony

charges against Plaintiff, and as such the claims against Fuhr and Brockway are dismissed based on judicial and prosecutorial immunity. *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018) (judge acting in judicial capacity immune from suit); *Fields v. Wharrie*, 672 F.3d 505, 516 (7th Cir. 2012) (prosecutor effecting actions intimately associated with judicial phase of criminal process is immune from civil liability). And Plaintiff's criminal defense lawyer Durbin is not amenable to suit under § 1983 because "a [defense lawyer] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

<u>Claims Related to 2016 and 2020 Felony Convictions</u>

Any claims related to occurrences at the time of Plaintiff's 2016 and 2020 arrests are outside the two-year statute of limitations and are dismissed on that basis. "A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 Ill. Comp. Stat. 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)). "The statute of limitations begins to run when the plaintiff has knowledge of the injury and knowledge that the defendant . . . may have caused the injury." *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Here Plaintiff had the requisite knowledge regarding occurrences at the time of his arrests in 2016 and 2020, respectively. Plaintiff did not file this lawsuit until January 2025, years after the statute of limitations elapsed for occurrences at the time of those arrests. Any such claims are plainly time-barred and thus subject to dismissal. *See Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005).

Any additional claims related to the 2016 and 2020 prosecutions and convictions are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), a case that bars civil suits alleging or implying that a standing conviction is invalid. Plaintiff's allegations as they relate to the 2016 and 2020 charges would imply that he is not guilty of crimes that he was charged with, arrested on, and convicted of. The time to appeal those convictions has passed and there is no indication they are subject to any remaining challenge. Claims barred by *Heck* "are dismissed without prejudice." *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *see also Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019); *Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017). These claims are dismissed.

Remaining Allegations

Plaintiff alleges issues with his 2024 arrests and criminal charges (which were ultimately dropped as part of a negotiated plea agreement). It is unclear what Plaintiff's damages as to these allegations would be, given that he did not ultimately contest the fact that he violated his probation in the 2020 felony case, and would, apparently, have been properly detained on that basis. The bulk of Plaintiff's allegations relate to issues with the 2016 and 2020 felony cases. The allegations related to the 2024 charges are too sparsely pleaded to state a claim for relief.

B. Additional Motions

While the case has been stayed, Plaintiff filed several motions all of which are moot in light of this order. His Petition to Proceed in Forma Pauperis (Doc. 23) is moot as that relief has already been granted.

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim for relief. Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 1915A. Plaintiff is allowed 21 days to file a motion for leave to amend with an attached proposed amended complaint if he believes he can in good faith state a claim for relief consistent with the rulings in this Order. If Plaintiff does not timely move for leave to amend the action will be dismissed.

2. Plaintiff's Petition to Vacate or Stay Current Sentence [19], Petition to Vacate or Stay Sentence [21], Petition for Leave to Proceed in Forma Pauperis [23] Motion for Production of All Documents [24], Motion for Status [27], Motion for Hearing [28], Motion to Have Case Petitions Reviewed [29], Emergency Motion for Access to the Court [30], and Motion for Court to Render Verdict [31] are MOOT.

Entered this 11th day of December, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
